## Commonwealth v. Utley

*Richard Colden, Deputy Attorney General,* for Commonwealth.
*William R. Cooper,* for defendant.

RUFE, *J.*, February 19, 1980—Defendant received a notice of suspension of his operating privileges dated October 12, 1979, effective November 2, 1979. The suspension was issued for his failure to respond to a citation allegedly issued on September 6, 1977. The notice also indicated that the suspension would remain in effect until defendant responded to the citation pursuant to section 1533 of the Vehicle Code.[1] The suspension letter also contained a referred-to form entitled "Request for suspension of operating privileges for failure to respond to a citation or pay fine" which set forth the alleged citation number, alleged violation date of September 6, 1977, the alleged violation of "speeding," amount of fine and name and address of the issuing district justice of the peace.

However, the Commonwealth presented no evidence whatsoever to prove that the citation was in fact ever issued or served on defendant. No copy of the alleged citation itself was introduced and the Deputy Attorney General acknowledged in his closing arguments to the court that he had no idea whether the citation was served by the arresting officer, served by certified mail from the issuing district justice of the peace, or served by a constable.

Section 1533 of the Vehicle Code provides, inter alia:

"The department shall suspend the operating privilege of any person who has failed to respond to a citation to appear before a court of competent

---

1. Act of June 17, 1976, P.L. 162, sec. 1, effective July 1, 1977, as amended, 75 Pa.C.S.A. §1533.

jurisdiction of this Commonwealth or of any state for violation of this title, other than parking, upon being duly notified in accordance with [general rules] . . ."

The Commonwealth argues that the duly certified copy of the "Request for suspension of operating privileges for failure to respond to a citation or pay fine" form which is contained in the departmental records of the Department of Transportation establishes as fact that the defendant failed to respond to the citation under sections 6103 and 6104 of the Judicial Code.[2]

We have no quarrel with that argument and do find as fact that defendant never reported to the district justice of the peace.

However, the suspension section sought to be applied contains a second element: ". . . [1] failed to respond to a citation . . . [2] *upon being duly notified. . . .*" §1533, supra (emphasis supplied). We believe that in order to suspend operating privileges under this section of the Vehicle Code the Commonwealth must prove that the citation was in fact actually issued and served on the alleged offender and that he subsequently failed to respond. In this case the Commonwealth presented no evi-

---

2. Act of July 9, 1976, P.L. 586, sec. 2, effective June 27, 1978, 42 Pa.C.S.A. §§6103, 6104

Section 6103 provides for the proper certification of official records.

Section 6104 provides that records certified pursuant to section 6103 "shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted."

dence whatsoever to establish the issuance and service of the citation. Such evidence is readily available to the Commonwealth through their own witnesses to establish defendant's receipt of the citation. In fact, appropriate forms and procedures might even be developed to establish this evidence of record utilizing sections 6103 and 6104 of the Judicial Code, supra.

Finally, the Commonwealth argues that the issuance of the suspension notice itself which includes the information regarding the violation, the date thereof, the citation number and the issuing district justice of the peace, constitutes adequate notice to the defendant of the citation to justify suspension under section 1533, supra, for failure to respond thereto. We disagree. The essence of suspension under this section is failure to respond to the underlying citation, not failure to respond to the suspension notice.

We fail to see how the Commonwealth is prejudiced by this decision, in any event, for presumably the underlying citation, if in fact issued, remains viable, together with all the incident consequences and penalties flowing therefrom. Nothing herein prevents the Commonwealth from prosecuting the citation to its fullest extent including subsequent suspension proceedings under section 1533, supra, if appropriate.

## ORDER

And now, February 19, 1980, it is ordered and decreed that defendant's appeal from the license suspension order of October 12, 1979 is sustained.